UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE DAWSON *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　　Defendant. | Civ. No. 19-8680<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the unopposed Motion to Transfer (ECF No. 32) filed by Defendant General Motors ("Defendant") pursuant to 28 U.S.C. § 1404(a). The Court has decided this matter based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Transfer is granted.

## **BACKGROUND**

This is a class action in which Plaintiffs allege that Bosch-supplied CP4 fuel injection pumps installed in Defendant-manufactured vehicles are defective and cause increased risks of accident, injury, or death to drivers and passengers. (Am. Compl. ¶¶ 1, 3–5, ECF No. 24.) The putative class is comprised of purchasers or lessees of certain Defendant-manufactured vehicles with defective CP4 fuel injection pumps in New Jersey. (*Id.* ¶¶ 17, 25, 31.)

On March 15, 2019, Plaintiffs Bruce Dawson and John Tamburini (collectively, "Plaintiffs") filed the Complaint. (ECF No. 1.) On May 20, 2019, Defendant filed a Motion to

1

Dismiss (ECF No. 13), which the Court granted (ECF No. 22). On August 26, 2019, Plaintiffs filed an Amended Complaint. (ECF No. 24.)

On August 6, 2019, eight plaintiffs (the "Michigan Plaintiffs") filed a separate putative class action in the Eastern District of Michigan. (*See Chapman v. Gen. Motors LLC*, Civ. No. 19-12333, ECF No. 1.) The Michigan Plaintiffs allege claims on behalf of statewide classes of purchasers of Defendant-manufactured vehicles under the laws of several states, including New Jersey. (*See Chapman v. Gen. Motors LLC*, Civ. No. 19-12333, Mich. Pls.' Am. Compl. ¶¶ 1452–96, ECF No. 15.)

On October 15, 2019, the Court stayed this action (ECF No. 31) pending a motion to transfer this case and other class actions to the Judicial Panel on Multidistrict Litigation ("JPML") (MDL No. 2919, ECF No. 1). The motion to transfer requested that the JPML hear ten putative class actions against Defendant and other automakers in either the Northern District of California or the Eastern District of Michigan. (JPML Br. at 1, MDL No. 2919, ECF No. 1-1.) On December 18, 2019, the JPML denied the motion to transfer, citing automaker- and plaintiff-specific differences between the cases that made multidistrict litigation inappropriate. (Order Denying Transfer at 1–2, MDL No. 2919, ECF No. 33.)

On December 24, 2019, Defendant filed a Motion to Transfer this case to the Eastern District of Michigan. (ECF No. 32.) Plaintiffs have expressly advised the Court that they do not oppose the Motion. (ECF No. 33.) Defendant's Motion to Transfer is presently before the Court.

## **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. The decision to

2

transfer a case under § 1404(a) rests within the sound discretion of the court. *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)).

In addition to considering whether the action could have been brought in the district to which transfer is sought, whether the parties have consented to transfer, and the three additional considerations enumerated in § 1404(a), courts evaluate the "private interests" and "public interests" implicated by the statute. "Private interests" include (1) plaintiff's original choice of venue; (2) defendant's preference as to forum; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) convenience to the witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) the location of books and records. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). "Public interests" include (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) potential congestion in the two fora; (4) "the local interest in deciding local controversies at home"; (5) public policies of the fora; and (6) the familiarity of the judge with applicable state law. *Id.* at 879–80 (citations omitted).

While "[t]he burden of proof is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer," *In re United States*, 273 F.3d 280, 388 (3d Cir. 2001) (citations omitted), the moving party is "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district,'" *id.* (citing *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)).

**DISCUSSION**

As a threshold matter, the reviewing court "must make a determination that the suit could have been rightly started in the transferee district." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) (citation omitted). This case could have initially been brought in the Eastern District of Michigan because Defendant is subject to general personal jurisdiction there. (*See* Am. Compl. ¶ 29; Def.'s Br. at 5, ECF No. 32-1.) In any case, Plaintiffs have consented to the proposed transfer (ECF No. 33), thereby satisfying the threshold inquiry mandated by 28 U.S.C. § 1404(a).

Transfer to the Eastern District of Michigan would likely be more convenient for potential witnesses. The parties have argued in their briefs on this Motion and in the previous motion to transfer to the JPML that pertinent witnesses are likely located in the Eastern District of Michigan, the site of Defendant's headquarters. (Def.'s Br. at 6 (citing Pls.' Br. Supporting Transfer to JPML at 5, ECF No. 32-2).) The convenience of transfer to the parties overall is less clear. Defendant argues that, if this case is not consolidated with the *Chapman* case in the Eastern District of Michigan, the parties and witnesses would be subject to duplicative litigation. (*Id.* at 9.) Whether this case should be consolidated upon transfer to the United States District Court for the Eastern District of Michigan is a decision for that court upon transfer of this case. Potential consolidation aside, a transfer of this case would benefit Defendant, which could then litigate the case in the district of its domicile. Transfer would likely be less beneficial to Plaintiffs as New Jersey residents, but Plaintiffs have not asserted that they would be subject to financial or geographic barriers if this case is transferred.

Other private interest factors weigh in favor of transferring this case to the Eastern District of Michigan. Although Plaintiffs' original choice of venue was the District of New

Jersey, Defendant's current preference, to which Plaintiffs have no objection, is to litigate this case in the Eastern District of Michigan. Defendant argues—and Plaintiffs noted in their brief in support of transfer to the JPML—that "pertinent documents" are "likely located in" the Eastern District of Michigan. (Def.'s Br. at 6–7 (citing Pls.' Br. Supporting Transfer to JPML at 6).) Moreover, although the claims in this action arose in New Jersey in one sense—the putative class is made up of New Jersey residents who purchased or leased vehicles in New Jersey (Am. Compl. ¶ 31)—decisions related to the alleged defects were more likely made in the Eastern District of Michigan than in the District of New Jersey. This supports transfer of the case. *Cf. Virag, S.R.L. v. Sony Computer Entm't Am. LLC*, 2015 WL 1469745, at *7 (D.N.J. Mar. 30, 2015) (transferring a case to California, the state where the corporate defendant "reside[d] . . . regularly conduct[ed] business, and distributed the [product] from its corporate headquarters"); *Auto. Techs. Int'l, Inc. v. OnStar, LLC*, 2011 WL 6303251, at *3 (D.N.J. Dec. 15, 2011) (explaining that, "[i]n patent infringement cases, appropriate [private interest] considerations include the location of a product's development, testing, research and production, and the place where marketing and sales decisions were made").

Defendant's arguments involving public interest factors rely on an assumption that this case will be consolidated with *Chapman*. (*See* Def.'s Br. at 7–9.) Courts in this district have accounted for the existence of similar actions in other venues when considering motions to transfer. *See, e.g.*, *Dollinger v. Salomon Smith Barney Inc.*, 2011 WL 1917976, at *2 (D.N.J. Mar. 7, 2001). This case and *Chapman* allege similar defects with Bosch-supplied CP4 high-pressure fuel injection pumps in the same vehicle models. (*Compare Chapman v. Gen. Motors LLC*, Civ. No. 19-12333, Am. Class Action Compl. ¶ 1, ECF No. 15, *with* Am. Compl. ¶¶ 1, 3–4.) Ultimately, as stated previously, this Court is not considering the appropriateness of

consolidation of this case and the *Chapman* case. Even if this case is not consolidated with *Chapman*, however, this litigation will proceed more efficiently in the Eastern District of Michigan simply because pertinent witnesses and records will be more readily available.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer (ECF No. 32) is granted. An appropriate Order will follow.


Date: February 21, 2020                         */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.